In the matter of the granting of letters of administration upon the estate of WILLIAM GRISSOM, deceased.

[Filed November 30th, 1897.]

An appeal will not lie directly to the ordinary, from an order of the surrogate granting letters of administration.

This is a petition of appeal from an order of the surrogate of Gloucester county granting letters of administration upon the estate of William Grissom, deceased.

The answer to the petition challenges the right of the petitioner to bring the order of the surrogate into this court by an appeal.

*Mr. Harrison H. Voorhees*, for the appellant.

*Mr. David O. Watkins* and *Mr. Robert S. Clymer*, for the respondent.

THE VICE-ORDINARY.

The statutory provisions now existing relative to appeals to this court are to be found in sections 173, 174, 175 and 176 of the Orphans Court act. *Gen. Stat. p. 2396.*

An appeal is given by section 175 to this court from all proceedings of surrogates from which an appeal is not given by preceding sections to the orphans court.

Grissom's Case.

If the right to appeal to the orphans court from an order of a surrogate granting letters of administration is provided for in preceding sections, then no appeal lies to this court.

By the express language of section 173, the right of an appeal to the orphans court is conferred upon any person aggrieved by any order or proceeding of a surrogate in proving an inventory or granting letters of administration, or of guardianship.

The method of review is by an appeal to the orphans court, and by section 176 from the decree of the orphans court, if adverse, to this court.

An appeal will not lie directly from the order of the surrogate to the ordinary, and this appeal must be dismissed.